**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CURTIS JONES,                          :
                                       :  Civil Action No. 13-59 (FSH)
            Plaintiff,                 :
                                       :
       v.                              :      **OPINION**
                                       :
UNION COUNTY PROSECUTOR'S              :
OFFICE, et al.,                        :
                                       :
            Defendants.                :


**APPEARANCES:**

   CURTIS JONES, Plaintiff pro se
   #637521
   Kintock (Building # 1)
   50 Fenwick Street
   Newark, New Jersey 07114

**HOCHBERG**, District Judge

   Plaintiff, Curtis Jones, (hereinafter "Plaintiff"), a state inmate presently confined at the Kintock Halfway House in Newark, New Jersey, at the time he submitted this action for filing, seeks to bring this civil action *in forma pauperis*, pursuant to 28 U.S.C. § 1915. For the following reasons, Plaintiff's request to proceed *in forma pauperis* will be denied. In addition, because the Complaint fails to set forth a cognizable claim for relief, the Court will dismiss this case with prejudice, pursuant to 28 U.S.C. § 1915A.

I. BACKGROUND

Plaintiff brings this Complaint, pursuant to 42 U.S.C. § 1983, against named Defendants, the Union County Prosecutor's Office, Assistant Prosecutor Lucinda McLaughlin and Assistant Prosecutor Jill Grace-O'Malley. (Complaint, Caption, ¶ 2.) Plaintiff generally alleges claims of malicious prosecution with regard to New Jersey state court indictments occurring in 2007 and 2008, namely, Indictment No. 07-03-00180 (with regard to an October 19, 2006 arrest), Indictment No. 08-05-00371 (regarding a January 20, 2008 arrest), and Indictment No. 08-10-01557 (regarding an August 26, 2008 arrest). Plaintiff seeks compensatory damages in the amount of $1,750,000.00, as well as punitive damages in the same amount. He also seeks injunctive relief compelling the termination of the Defendants McLaughlin and Grace-O'Malley.

Plaintiff is no stranger to the District of New Jersey. In fact, Plaintiff is a litigant with "three strikes" under 28 U.S.C. § 1915(g). *Jones v. Cito*, Civil No. 10-1218 (FSH)(dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)); *Jones v. Caruso, et al.*, Civil No. 10-1284 (FSH)(same); and *Jones v. Plainfield Police Dept., et al.*, Civil No. 12-7808 (FSH)(same). Therefore, this action is subject to the "three strikes" provision of 28 U.S.C. § 1915(g).

## II.   DISCUSSION

A.   "Three-Strikes" Provision

Plaintiff seeks to proceed with this action *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915, having submitted an IFP application with his form Complaint under 42 U.S.C. § 1983.

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil action *in forma pauperis*, pursuant to 28 U.S.C. § 1915, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); *see also Keener v. Pennsylvania Board of Probation & Parole*, 128 F.3d 143, 144-45 (3d Cir. 1997) (holding that frivolousness dismissals prior to enactment of PLRA count as "strikes" under § 1915(g)).  A prisoner who has three or more such dismissals may be excused from this rule only if he is "under imminent danger of serious physical injury." *Id*.  When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation faced by the

3

inmate at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger."  *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001).

As related above, Plaintiff has filed three earlier civil actions in the District of New Jersey, which were dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Accordingly, Plaintiff is deemed a litigant with "three strikes" under 28 U.S.C. § 1915(g) because he has passed the statutory limit as set forth in that statute.  Plaintiff is now precluded from seeking *in forma pauperis* status pursuant to § 1915(g)'s "three strikes" rule unless he alleges facts to show that he is in "imminent danger of serious physical injury", which would excuse him from the restrictions under § 1915(g).

In this Complaint, Plaintiff makes no allegations or claims of "imminent danger."  Rather, the Complaint merely asserts various claims based on allegations of malicious prosecution with regard to Plaintiff's arrests, indictments and subsequent convictions for crimes committed in 2006 and 2008.  Consequently, because the Complaint in this action does not contain sufficient allegations reasonably suggesting that Plaintiff is in "imminent danger of serious physical injury",

4

which would excuse him from the restrictions under § 1915(g), Plaintiff may not proceed *in forma pauperis.*

B.  Complaint Subject to Dismissal Under 28 U.S.C. § 1915A

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  Having determined that Plaintiff is not entitled to proceed *in forma pauperis*, this action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915A, as he is a prisoner seeking redress against governmental officials.

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

sheer possibility that a [party] has acted unlawfully." *Iqbal*, 556 U.S. at 678.  Notably, the court is not required to accept "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  In other words, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009)(citing *Iqbal*, 556 U.S. at 676).  *See also Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (allegations that are no more than conclusions are not entitled to the assumption of truth; a court should "look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'")(quoting, *Iqbal*, 556 U.S. at 679).  In determining the sufficiency of a pro se complaint, however, the Court must be mindful to construe it liberally in favor of the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

    Finally, the Third Circuit recently cautioned that *Twombly* and *Iqbal* "do not provide a panacea for defendants," rather, "they merely require that plaintiff raise a 'plausible claim for

relief.'"  *Covington v. International Association of Approved Basketball Officials*, --- F.3d ----, 2013 WL 979067, *2 (3d Cir. March 14, 2013)(quoting *Iqbal*, 556 U.S. at 679).  Thus, factual allegations must be more than speculative, but the pleading standard "is not akin to a 'probability requirement.'" *Covington, supra* (quoting *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556).

Here, Plaintiff alleges claims of malicious prosecution against the state prosecutor defendants, the Union County Prosecutor's Office, and Assistant Prosecutors McLaughlin and Grace-O'Malley.  Before considering whether Plaintiff has adequately alleged the elements of a malicious prosecution claim, this Court will address the threshold issue of prosecutorial immunity.  In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the Supreme Court held that a prosecutor is absolutely immune from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process," *id*. at 430-31, including use of false testimony and suppression of evidence favorable to the defense by a police fingerprint expert and investigating officer.  Since *Imbler*, the Supreme Court has held that "absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application."

7

*Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009)(citations omitted). The Court of Appeals for the Third Circuit recently confirmed prosecutorial immunity in § 1983 actions in *LeBlanc v. Stedman*, 483 Fed. Appx. 666 (3d Cir. 2012)(non-precedential).

In this case, the prosecutor Defendants are absolutely immune from a claim of malicious prosecution as alleged by Plaintiff because the alleged acts by these Defendants plainly were taken in exercise of their core functions as prosecutors. *See Rehberg v. Paulk*, --- U.S. ----, ----, 132 S.Ct. 1497, 1504, 182 L.Ed.2d 593 (2012); *Imbler*, 424 U.S. at 430-31. That much is obvious from the Complaint. In an excess of caution, however, this Court also reviewed the claims and allegations raised by Plaintiff on direct appeal from his conviction, as set forth in the state Appellate Division decision, *State v. Curtis Jones*, 2012 WL 1019984 (N.J.Super.A.D. Mar. 28, 2012), and this Court finds nothing there to alter its conclusion. Therefore, because the misconduct alleged in the Complaint against the prosecutors consists of acts taken in their role as advocates for the state, the § 1983 damages claims against them must be dismissed on grounds of absolute prosecutorial immunity.

Alternatively, even if the prosecutor Defendants were not immune from suit, this Court would find that the Complaint fails to state a viable claim of malicious prosecution under § 1983.

8

The elements of the state-law tort of malicious prosecution are incorporated in an analogous federal § 1983 claim. *See Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009)(en banc)(applying the Restatement (Second) of Torts §§ 659, 660 to determine whether a § 1983 malicious prosecution claim was deemed to have terminated in favor of the accused); *see also Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002)(same); *Hilfirty v. Shipman*, 91 F.3d 573 (3d Cir. 1996)(same). Thus, to state a § 1983 claim for malicious prosecution, a plaintiff must allege the following essential elements: (1) defendant initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) defendant initiated the criminal proceeding without probable cause; (4) defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) plaintiff suffered deprivation of liberty consistent with a violation of the Fourth Amendment or a violation of another explicit text of the Constitution. *Johnson v. Knorr*, 477 F.3d 75, 81–82 (3d. Cir. 2007)(citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)). *See also McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009)(reciting federal law); *Stolinski v. Pennypacker*, 772 F. Supp.2d 626, 640 (D.N.J. 2011)(reciting New Jersey law).

As to the second critical element, which requires that the criminal proceeding have terminated in favor of the accused, such termination, if accomplished by compromise or agreement, is not considered a favorable termination sufficient to support a malicious prosecution claim. *Pittman v. Metuchen Police Dept.*, 441 Fed. Appx. 826, 829 (3d Cir. 2011)(holding that withdrawal of criminal charges pursuant to a compromise or agreement does not constitute "favorable termination" required under *Heck v. Humphrey*, 512 U.S. 477 (1994), to allow § 1983 claims based on lack of probable cause to proceed); *Troso v. City of Atlantic City*, 2013 WL 1314738 (D.N.J. Mar. 28, 2013).

In this case, Plaintiff's malicious prosecution claims fail as a matter of law because he has not alleged that his state criminal proceedings were terminated in his favor. In fact, as noted above, Plaintiff was convicted on the charges at issue and his convictions were affirmed on direct appeal. *See State v. Curtis Jones*, 2012 WL 1019984. Consequently, Plaintiff cannot support a claim for malicious prosecution, and the Complaint will be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

---

[1] This dismissal is without prejudice to Plaintiff filing an amended Complaint should he eventually prevail on a federal habeas claim in the future, upon which basis he could then allege favorable termination. It would be futile, however, for Plaintiff to attempt to amend his Complaint unless or until he

III. <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's request to proceed *in forma pauperis* will be denied, pursuant to 28 U.S.C. § 1915(g). Moreover, because the Complaint fails to state a cognizable claim for relief under 42 U.S.C. § 1983, the federal statute under which Plaintiff is proceeding, the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate order follows.

s/ Faith S. Hochberg<br>FAITH S. HOCHBERG<br>United States District Judge

Dated: May 29, 2013

---

is successful in a habeas application on this claim. Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. *See West Run Student Housing Associates, LLC v. Huntington National Bank*, No. 12-2430, 2013 WL 1338986, *5 (3d Cir. Apr. 4, 2013)(collecting cases). *See also* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed. 2008). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id*. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id*.